**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

KENNETH S. FERGUSON,

      Plaintiff,

      v.                                                                  CAUSE NO.: 2:26-CV-326-TLS-JEM

STATE OF INDIANA, GRANT COUNTY
PROSECUTOR SCOTT HUNT, and
MARION COUNTY PROSECUTOR RYAN
MEARS,

      Defendants.

**OPINION AND ORDER**

On July 17, 2026, the pro se Plaintiff Kenneth S. Ferguson filed a Complaint [ECF No. 1] in the instant action.[1] This matter is before the Court on the Plaintiff's Motion for Leave to Proceed In Forma Pauperis [ECF No. 2]. For the reasons set forth below, the Court denies the Plaintiff's Motion for Leave to Proceed in Forma Pauperis and dismisses without prejudice the Plaintiff's complaint for failure to state a claim.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal

---

[1] The Plaintiff has also filed the following lawsuits in the United States District Court for the Northern District of Indiana: *Ferguson v. Marion Police Department*, 1:20-CV-305-HAB-SLC; *Ferguson v. Biddle*, 2:26-CV-167-JTM-JEM; *Ferguson v. State of Indiana*, 2:26-CV-277-TLS-JEM; *Ferguson v. Biddle*, 2:26-CV-324-GSL-AZ; *Ferguson v. United States Attorney General*, 2:26-CV-325-TLS-APR.

courts."). An indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Here, the Plaintiff's motion establishes that he is unable to prepay the filing fee.

However, the Court must also consider whether the action is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standard, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, a court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

The Complaint, brought against the State of Indiana, the Grant County Prosecutor, and the Marion County Prosecutor, references the Second Amendment; makes vague requests for the assignment of a special judge, a transfer of venue, and an emergency hearing; alleges generally that he has been threatened in his home; and references two state court cases—27D02-2603-F5-000047 and what appears to be 27D01-1302-F5-00011—as well as "pending expungement

2

cases." He requests that this filing be redacted. The Plaintiff attached to the Complaint approximately twenty-nine pages of filings from other lawsuits, many of which are blank. The Plaintiff has not alleged any specific facts to state a claim for relief against these Defendants. If the Plaintiff is seeking relief related to a separate lawsuit, he must seek relief within that separate lawsuit by filing a motion or other appropriate filing.

Accordingly, the Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the Plaintiff until August 21, 2026, to file an amended complaint. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under the in forma pauperis statute has the same right to amend a complaint as fee-paying plaintiffs have). Any amended complaint must cure the deficiencies identified in this Opinion. Along with an amended complaint, the Plaintiff must also file a new Motion to Proceed In Forma Pauperis. If the Plaintiff does not file an amended complaint by the deadline, the Court will direct the Clerk of Court to close this case.

### CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 2] and DISMISSES the Complaint WITHOUT PREJUDICE. The Plaintiff is GRANTED until August 21, 2026, to file an amended complaint as well as either a new Motion to Proceed In Forma Pauperis or the filing fee. The Plaintiff is cautioned that, if he does not respond by the deadline, the Court will direct the Clerk of Court to close this case without further notice to the Plaintiff.

SO ORDERED on July 23, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

3